IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL & KIMBERLY DAILEY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ALLSTATE VEHICLE AND PROPERTY | : | |
| INSURANCE COMPANY | : | NO.   25-2350 |

## MEMORANDUM AND ORDER

CAROLINE GOLDNER CINQUANTO, U.S.M.J.            October 29, 2025

      In their Complaint, Plaintiffs, Michael and Kimberly Dailey, allege that Defendant, Allstate Vehicle and Property Insurance Company ("Allstate"), improperly denied their homeowners' claim for property damage caused by a sudden leak from their dishwasher.  Doc. 1, COUNT 1.  Plaintiffs also bring a claim for bad faith, alleging that Allstate's denial of the claim and/or delay in paying the claim "were made with knowledge of its falsity, and in reckless disregard, frivolous, unfounded basis and otherwise made without a reasonable basis."  Id., COUNT 2.  Defendant has filed a motion to dismiss the bad faith claim, arguing that the claim is factually insufficient.  Doc. 5 at 8-12.[1]

---

[1] The Motion to Dismiss also seeks to dismiss a second defendant, Allstate Insurance Company.  Doc. 5 at 7-8.  However, after the Motion to Dismiss was filed, the parties stipulated to the dismissal of Allstate Insurance Company, mooting the motion with respect to that defendant.  Doc. 9.
      When referred to pinpoint citations to documents filed in this court, I will refer to the court's ECF pagination, except with respect to the Complaint where I will refer to specific paragraphs or counts.

Allstate's motion is governed by Federal Rule of Civil Procedure 12(b)(6), which provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is *plausible* on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (emphasis added). Though plausibility does not require pleading "detailed factual allegations," a complaint must contain "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Id. at 555 (citation omitted). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. Garrett v. Wexford Health, 938 F.3d 69, 92 (3d Cir. 2019) (quoting Iqbal, 556 U.S. at 678-79). Even looking at the complaint in a light most favorable to the plaintiff, the factual allegations must go beyond speculation. Twombly, 550 U.S. at 555.

Under Pennsylvania law, insurers are prohibited from acting in bad faith toward insureds in an action arising under an insurance policy. 42 Pa. C.S.A. § 8371. The statute, however, is silent on what constitutes "bad faith." To fill this gap, Pennsylvania courts have developed a two-prong test for determining bad faith: "[T]he plaintiff must show that the defendant did not have a reasonable basis for denying benefits under the policy and that the defendant knew or recklessly disregarded its lack of reasonable basis for denying the claim." Rancosky v. Washington Nat. Ins. Co., 130 A.2d 79, 92 (Pa. Sup.

Ct. 2015) (citing Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994); see also Irving v. State Farm Mut. Auto Ins. Co., Civ. No. 17-1124, 2017 WL 4404396, at *3 (E.D. Pa. Oct. 4, 2017); Verdetto v. State Farm Fire & Cas. Co., 837 F. Supp.2d 480, 484 (M.D. Pa. 2011); Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997). This means that "a reasonable basis [for the denial] is all that is required to defeat a claim of bad faith." J.C. Penney Life Ins. Co. v. Pilosi, 393 F.3d 356, 367 (3d Cir. 2004) (citation omitted). An insurer is acting in bad faith and without reason when it "arbitrarily refuse[s] to accept evidence of causation." Condio v. Erie Ins. Exch., 899 A.2d 1136, 1143 (Pa. Super. Ct. 2006) (citing Hollock v. Erie Ins. Exch., 842 A.2d 409 (Pa. Super Ct. 2004)). Mere negligence or bad judgment does not rise to the level of scienter required to establish a bad faith claim. Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co., 193 F.3d 742, 751 n. 9 (3d Cir. 1999).

  Here, Plaintiffs allege that they provided Defendant with "independent evidence that the water damage… was acute and sudden and was caused by a newly installed dishwasher…." Doc. 1 at ¶ 13. According to Plaintiffs, their contractor provided Allstate's adjuster with photographs of the extent of the damage caused by the dishwasher leak and showed the adjuster that there were no stains, discoloration, mold, rust, hose deterioration, or any other tell-tale sign that the leak was a long-standing issue. Doc. 1 at ¶ 14-15.

  Despite this evidence supporting Plaintiffs' argument that the leak was sudden in nature, Defendant denied Plaintiffs' claim because the leak existed for "weeks, months, or years." Doc. 1 at ¶ 16-17. Defendant argues that "Plaintiffs' conclusory allegations of

bad faith evidence nothing more than that there is a dispute over Allstate's failure to pay the insurance claim." Doc. 5 at 11.

Defendant relies on three district court cases in arguing that Plaintiffs' allegations are insufficient to state a bad faith claim. In Ream v. Nationwide Property and Casualty Insurance Company, the court dismissed a bad faith claim arising from a failure to pay underinsured motorist benefits finding that "[a] complaint must set forth more than 'rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements.'" Civ. No. 19-768, 2019 WL 4254059, at *4 (W.D. Pa. Sept. 9, 2019). In Krantz v. Peerless Indemnity Insurance Company, the court found the plaintiff made nothing more than conclusory allegations when he argued the defendant failed to investigate his claim, and provided no basis to conclude that a provision upon which the defendant relied was invalid, as alleged. Civ. No. 18-3450, 2019 WL 1123150, at *4 (E.D. Pa. Mar. 12, 2019). Finally, Allstate relies on Hwang v. State Farm Mutual Automobile Insurance Company, in which the court found the plaintiff's conclusory allegations that the insurer failed to investigate, provide coverage, and negotiate in good faith, were insufficient to survive a motion to dismiss. Civ. No. 19-927, 2019 WL 1765938, at *2-3 (E.D. Pa. Apr. 22, 2019). In fact, the court found that the facts pled in the complaint contradicted the plaintiff's conclusory allegations that the defendant engaged in dilatory tactics. Id. at *3.

In Ream, the court concluded that to survive a motion to dismiss, plaintiffs must provide "facts explaining 'who, what, where, when, and how' [the d]efendant failed to handle [the p]laintiffs' . . . claim in good faith." 2019 WL 4254059, at *4 (quoting

Merrill v. State Farm Fire & Cas. Co., Civ. No. 12-1328, 2013 WL 588515, at *5 (W.D. Pa. Feb. 13, 2013)).  Here, Plaintiffs specifically pled that despite providing Defendant with evidence establishing the sudden nature of the leak, Allstate disregarded the evidence provided, denying the claim "as a result [of] an unsubstantiated allegation that the water leak existed for weeks, months or years."  Doc. 1 ¶ 16.  Far beyond a rote recitation of legal elements, Plaintiffs have alleged specific dates upon which detailed evidence was presented to Defendant that would foreclose the stated reason for denial.  Doc. 1 at ¶ 14-17.  At this stage in the litigation, Plaintiffs have plausibly alleged a lack of reasonable basis for denial.

      Therefore, I will deny the Motion to Dismiss.  An appropriate Order follows.